IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**ANNE TAETZSCH FITZGERALD**, individually
and as Chairman of the 20th House of Delegates District
Republican Committee,

**KAREN U. KWIATKOWSKI**, individually,

**EDWARD A. YENSHO**, individually and as Chairman
of the Green County Republican Committee,

**20th HOUSE OF DELEGATES DISTRICT
REPUBLICAN COMMITTEE**,

and

**6TH CONGRESSIONAL DISTRICT
REPUBLICAN COMMITTEE,**

                            Plaintiffs

v.                                                       Case No.

**JAMES B. ALCORN**, in his official capacity as
Chairman of the Virginia State Board of Elections,
Serve:  James B. Alcorn
         UNOS
         700 North 4th Street
         Richmond, Virginia  23219

**CLARA BELLE WHEELER**, in her official capacity as
Vice-Chairman of the Virginia State Board of Elections,
Serve:  Clara Belle Wheeler
         Blue Ridge Hand and Orthopaedic Clinic
         1754 Stony Point Rd.
         Charlottesville, VA  22911

**SINGLETON McALLISTER**, in her official capacity as
Secretary of the Virginia State Board of Elections,
Serve:  Singleton B. McAllister
        Husch Blackwell
        750 17th Street, NW, Suite 900
        Washington, D.C.  20006

and

**VIRGINIA DEPARTMENT OF ELECTIONS,**
Serve:  Edgardo Cortes
        Commissioner, Virginia Department of Elections
        Washington Building
        1100 Bank St., 1st Floor
        Richmond, Virginia  23219

                Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Anne Taetzsch Fitzgerald, individually and as Chairman of the 20th House of Delegates District Republican Committee; Karen U. Kwiatkowski, individually; Edward A. Yensho, individually and as Chairman of the Green County Republican Committee; 20th House of Delegates District Republican Committee; and 6th Congressional District Republican Committee, by counsel, file this Complaint for Declaratory and Injunctive Relief.

Nature of the Case

1.  This is a suit challenging the legality of Section 24.2-509(B) of the Code of Virginia, commonly known as the Incumbent Protection Act (the "Act"), both on its face and as applied.  The Act harms Plaintiffs by infringing upon their right of free association secured by the First Amendment to the United States Constitution and/or their right to equal protection of the laws secured by the Fourteenth Amendment to the United States Constitution.

2

## Jurisdiction and Venue

2. This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988. This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## The Parties

3. Plaintiff Anne Taetzsch Fitzgerald is a natural person and a resident of, and registered voter in, the City of Staunton, Virginia. Ms. Fitzgerald is a member of the Republican Party of Virginia (the "Party") and the chairwoman of 20th House of Delegates District Republican Committee.

4. Plaintiff Karen U. Kwiatkowski is a natural person and a resident of, and registered voter in, Shenandoah County, Virginia. Ms. Kwiatkowski is a member of the Party. Ms. Kwiatkowski resides in Virginia's 6th Congressional District (the "6th District") and was a candidate for the Party nomination for the 6th District in 2012. In that year, incumbent Robert W. Goodlatte stood for re-nomination. Pursuant to the Act, the method of nomination for the 6th District was by primary. Rep. Goodlatte prevailed in the primary, was reelected, and remains the incumbent in the 6th District. Ms. Kwiatkowski intends to stand for the Party nomination for the 6th District in 2018.

5.      Plaintiff Edward A. Yensho is a natural person and a resident of, and registered voter in, Green County, Virginia.  Mr. Yensho is a member of the Party and a member and the chairman of the Greene County Republican Committee.  Mr. Yensho resides in the 24th Virginia State Senatorial District (the "24th District").  The 24th District has been represented by incumbent Republican Senator Emmett W. Hanger, Jr. since 1996, and Sen. Hanger has exercised his rights under the Act to select the method of nomination for the 24th District in the past, most recently in 2015.  Mr. Yensho intends to stand for the Party nomination for the 24th District in 2019.

6.      Plaintiff 20th House of Delegates District Republican Committee (the "20th District Committee") is an unincorporated association created pursuant to the Plan of Organization (the "Plan") of the Party.  The 20th District of the Virginia House of Delegates (the "20th District") lies entirely within the geographic boundaries of this Court.  The Committee's business address is 261 Thornrose Avenue, Staunton, Virginia  24401.  A copy of the Plan is attached hereto as **Exhibit A**.

7.      Plaintiff 6th Congressional District Republican Committee (the "6th District Committee") is an unincorporated association created pursuant to the Plan.  The 6th District lies entirely within the geographic boundaries of this Court.  The Committee's business address is P.O. Box 621, Daleville, Virginia  24083.

8.      Defendants James B. Alcorn, Clara Belle Wheeler and Singleton McAllister are respectively the Chairman, Vice Chairman and Secretary of the Virginia State Board of Elections (the "Board").  They are sued in their official capacities.  As officials of the Board they implement and enforce the laws of the Commonwealth of Virginia related to elections.  Va.

Code (1950) § 24.2-500, *et seq*. The Virginia Code grants the Board authority to make rules and regulations, issue instructions, and provide information "consistent with the election laws to the electoral boards and registrars" and to take legal action to enforce those laws. Va. Code (1950) § 24.2-103.

9. Defendant Virginia Department of Elections (the "Department") is an agency of the Commonwealth of Virginia. The Department is responsible for and conducts the State Board of Elections' administrative and programmatic operations and discharges the duties of the Board.

Facts

10. The right of free association protected by the First Amendment to the United States Constitution includes the right of political parties to establish their own internal rules.

11. The Party sets forth its internal rules in the Plan.

12. The Party delegates its power to determine its candidate for office to various committees established in the Plan. For example, the Party's State Central Committee ("SCC") is empowered to select the method of nomination for statewide candidates pursuant to Article III, Section D(1)(b) of the Plan.

13. Article V, Section D(1)(a) of the Plan, as interpreted by the SCC, grants the 20th District Committee the power and responsibility to determine the method by which the Republican candidate for the 20th District shall be nominated. A copy of the minutes of the SCC's June 27, 2015 meeting, at which the SCC passed a resolution interpreting Article V, Section D(1)(a) of the Plan, is attached hereto as **Exhibit B**. **Exhibit B** has been redacted to remove matters not related to the resolution interpreting Article V, Section D(1)(a) of the Plan.

14. Article IV, Section D(1)(a) of the Plan grants the 6th District Committee the

power and responsibility to determine the method by which the Republican candidate for the 6th Congressional District (the "6th District") shall be nominated.

15. Pursuant to the Plan, there are four methods of nomination available to the 20th District Committee: mass meeting, party canvass, convention or primary. Pursuant to the Plan, there are three methods of nomination available to the 6th District Committee: convention, party canvass or primary.

16. The different methods of nomination place different demands on the participants. Primaries and party canvasses make few demands on participants–there is little travel and the process usually requires little time to complete. Conventions and mass meetings make relatively greater demands on participants–there may be significant travel involved and the process often requires a significant amount of time, particularly if multiple ballots are required before one candidate prevails.

17. As a result of their different demands, the different methods attract different participants. Primaries and party canvasses attract relatively more participants, but a relatively lower percentage of such participants are active in the Party. Conventions and mass meetings attract relatively fewer participants, but a relatively higher percentage of such participants are active in the Party.

18. The different methods of nomination have different implications for campaign finance. If the method of nomination is by mass meeting or convention, the nominating process is concentrated in both time and space. Also, a higher percentage of the participants in the nomination process will be committed political activists who are already aware of the issues and the positions of the candidates. As a result, if the method of nomination is by mass meeting or

convention, candidates have less need for campaign contributions to pay for advertising, direct mail, and other methods of communicating with and informing large groups of people. Candidates in primary or party canvass campaigns, on the other hand, have a greater need for campaign contributions, in order to fund such methods of reaching the larger cohort of potential participants.

19. Because the different methods of nomination tend to have different participants, the different methods favor different candidates.

20. The Plan states that only those individuals who adhere to the principles of the Party are qualified to participate in the nomination of the Party's candidates.

21. Section 24.2-530 of the Code of Virginia requires that primaries conducted by the Board and Department be open to all persons qualified to vote, irrespective of whether they belong to or share the principles of the party whose nomination is being determined.

22. The Board and Department do not register voters by political party.

23. If nomination is by a primary administered by the Board and Department, there is no practicable means of limiting participation in the Party's nomination process to individuals who are qualified to do so under the Plan.

24. Section 24.2-509 provides as follows:

> A. The duly constituted authorities of the state political party shall have the right to determine the method by which a party nomination for a member of the United States Senate or for any statewide office shall be made. The duly constituted authorities of the political party for the district, county, city or town in which any other office is to be filled shall have the right to determine the method by which a party nomination for that office shall be made.
>
> B. Notwithstanding subsection A, the following provisions shall apply to the determination of the method of making party nominations. A party shall nominate its

7

  candidate for election for a General Assembly district where there is only one incumbent of that party for the district by the method designated by that incumbent, or absent any designation by him by the method of nomination determined by the party. A party shall nominate its candidates for election for a General Assembly district where there is more than one incumbent of that party for the district by a primary unless all the incumbents consent to a different method of nomination. A party, whose candidate at the immediately preceding election for a particular office other than the General Assembly (i) was nominated by a primary or filed for a primary but was not opposed and (ii) was elected at the General Election, shall nominate a candidate for the next election for that office by a primary unless all incumbents of that party for the next office consent to a different method.

  When, under any of the foregoing provisions, no incumbents offer as candidates for reelection to the same office, the method of nomination shall be determined by the political party.

  For the purposes of this subsection, any officeholder who offers for reelection to the same office shall be deemed an incumbent notwithstanding that the district which he represents differs in part for which he offers for election.

25. The Board and Department have consistently enforced Section 24.2-509(B) of the Code of Virginia, and continue to do so.

26. To enforce section 509(B), the Department promulgated Form ELECT-509, by which an incumbent office holder communicates his or her intention to exercise his or her power under the Act to the Party and the Department. A copy of Form ELECT-509 is attached as **Exhibit C**.

27. The Department promulgated Form ELECT-516DL, by which the chairman of the nominating committee of a political party can communicate the method of nomination to the Board and Department. Form ELECT-516DL is provided for use in "District and Local Election[s]." A copy of Form ELECT-516DL is attached as **Exhibit D**.

28. Paul E. Stenbjorn, Director of Election Administration and Election Technology Certification and Security of the Department, forwarded Form ELECT-509 and Form ELECT-

516DL to Mr. Yensho by an email dated January 30, 2017 (the "Email").  A copy of the Email is attached as **Exhibit E**.  **Exhibit E** is redacted to remove all email addresses.

29. In the Email, Mr. Stenbjorn states that Form ELECT-516DL "*may be used by local and district chairs*" and that Form ELECT-509 "*may be provided to incumbents.*" (emphasis original)

30. Form ELECT-516DL purports to grant all incumbents, of any office, the power to determine the method of nomination for the offices they hold.

31. The Board and Department construe the Act to grant all incumbents who seek re-election the power to determine the method of nomination for the offices they hold.  The Board and Department have enforced and continue to enforce the Act in a manner consistent with that construction.

32. Republican Richard P. "Dickie" Bell is the incumbent for the 20th District.  Republican Robert W. Goodlatte is the incumbent for the 6th District.  Accordingly, each of the 20th District Committee and the 6th District Committee (the "Committees") currently has a Party incumbent who could invoke his power under the Act.

33. The Act has harmed and continues to harm the Committees by usurping their right and responsibility under the Plan to select the method of nomination for Republican candidates for public office, and granting that power to incumbent politicians.

34. Section 24.2-516 of the Code of Virginia requires Ms. Fitzgerald and Mr. Yensho, in their capacities as Party chairmen (the "Chairmen"), to certify whether a primary has been chosen as the method of nomination for the Party candidate(s) for public office in the 20th District and Greene County, respectively.

35. Section 24.2-527 of the Code of Virginia requires the Chairmen to certify the candidates for a primary, even if such primary is chosen by the incumbent pursuant to the Act and a different method is chosen by the relevant Party committee pursuant to the Plan.

36. Should the Chairmen refuse to make the certifications required under Sections 24.2-516 and 24.2-527, they risk being charged with a misdemeanor under Section 24.2-1001 of the Code of Virginia.

37. The Act harms the Chairmen by forcing them to choose between their obligations under the Plan and the dictates of the Act, on pain of criminal sanctions.

38. The Equal Protection Clause protects the rights of citizens to participate on an equal basis in the electoral process.

39. The Act discriminates in favor of incumbents, both on its face and as applied by the Board and Department.

40. The Act constitutes incumbents as a favored class, with the power to determine (or, at the least, veto or influence) the method of nomination for the offices they hold.

41. The Act also constitutes a class of disfavored candidates who challenge incumbents for their party's nominations.

42. The Act denies all citizens of Virginia the fair and open electoral and political process mandated by the Fourteenth Amendment to the United States Constitution.

Count One
First Amendment of the United States Constitution
Freedom of Association

43. Paragraphs 1 through 42 are fully incorporated herein.

44. The Act contravenes the First Amendment right of free association of the

Committees, by usurping their right and responsibility under the Plan to determine the method of nomination for the 20th District and the 6th District, respectively.

45. The Act contravenes the First Amendment right of free association of the Chairmen to fully execute their duties under the Plan, without a fear of criminal prosecution.

46. The Act neither advances a compelling state interest nor is narrowly tailored to serve such an interest.

Count Two
Fourteenth Amendment of the United States Constitution
Equal Protection

47. Paragraphs 1 through 46 are fully incorporated herein.

48. The Act contravenes the Candidates' Fourteenth Amendment right to equal protection of the laws, by discriminating in favor of incumbent politicians and against other candidates in the nomination process.

49. The Act contravenes the Fourteenth Amendment right to equal protection of the laws of all of the individual plaintiffs, as citizens of the Commonwealth of Virginia, by discriminating in favor of incumbent politicians, entrenching them in office, and thereby denying the individual plaintiffs a fair and open electoral and political processes.

Jury Trial Demanded

50. Plaintiffs demand a trial by jury.

Relief Requested

WHEREFORE, Plaintiffs Anne Taetzsch Fitzgerald, individually and as Chairman of the 20th House of Delegates District Republican Committee; Karen U. Kwiatkowski, individually; Edward A. Yensho, individually and as Chairman of the Green County Republican Committee;

20th House of Delegates District Republican Committee; and 6th Congressional District Republican Committee, respectfully request that:

 A. The Court declare that Section 24.2-509(B) of the Code of Virginia violates the First and Fourteenth Amendments to the Constitution of the United States, both on its face and as applied.

 B. The Court grant them such further relief as may be necessary to effectuate the declaratory judgment issued by this Court;

 C. The Court issue a permanent injunction prohibiting Defendants from enforcing Section 24.2-509(B) of the Code of Virginia;

 D. The Court make all further orders just, necessary and proper to ensure complete fulfilment of this Court's declaratory and injunctive orders in this case;

 E. The Court issue an order requiring the defendants to pay plaintiff's costs, expenses and reasonable attorney's fees incurred in the prosecution of this action, as authorized by 42 U.S.C. §1988; and

 F. The Court grant such other and further relief as is appropriate and just.

   Respectfully Submitted,

   **ANNE TAETZSCH FITZGERALD**, individually and as Chairman of the 20th House of Delegates District Republican Committee,

   **KAREN U. KWIATKOWSKI**, individually,

   **EDWARD A. YENSHO**, individually and as Chairman of the Green County Republican Committee,

   **20th HOUSE OF DELEGATES DISTRICT REPUBLICAN COMMITTEE**,

and

**6TH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE**

By Counsel

_____s/Jeffrey R. Adams_____
Thomas E. Ullrich (VSB No. 28737)
Jeffrey R. Adams (VSB No. 43411)
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
Email: tullrich@wawlaw.com

And

John C. Wirth (VSB No. 37334)
Nelson, McPherson, Summers & Santos, L.C.
12 N. New Street
Staunton, Virginia 24401
Telephone: 540-885-0346
Facsimile: 540-885-2039
Email: johnwirth@nmsslc.com
*Counsel for Plaintiffs*

S1700392.DOCX