**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **ANNE TAETZSCH FITZGERALD, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:17-cv-00016** |
| | ) | |
| **JAMES B. ALCORN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFFS' AMENDED COMPLAINT**

Defendants James B. Alcorn, Clara Belle Wheeler, and Singleton McAllister, respectively the Chairman, Vice Chairman, and Secretary of the Virginia State Board of Elections, and the Virginia Department of Elections (collectively, the Defendants), hereby respond as follows to the claims and allegations in the Plaintiffs' Complaint for Declaratory and Injunctive Relief (the Complaint), Dkt# 1.

## ANSWER

1.      The first sentence of paragraph 1 of the Complaint contains a characterization of the Plaintiffs' lawsuit to which no response is required.  With respect to the second sentence of paragraph 1, the Defendants deny that § 24.2-509 of the *Code of Virginia* violates the Plaintiffs' rights under the First or Fourteenth Amendments to the U.S. Constitution.

### Jurisdiction and Venue

2.      The jurisdictional allegations in paragraph 2 consist of legal conclusions, which require no response.  The Defendants do not contest venue in this Court.  However, the Defendants do not waive their objection to the Plaintiffs' standing as more fully stated in the

Defendants' Motion to Dismiss, Dkt# 9, and Memorandum in Support of the Motion to Dismiss, Dkt# 10.

The Parties

3.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, or seventh sentences of paragraph 4.  The Defendants admit that Robert W. Goodlatte stood for re-nomination in the 6th Congressional District in 2012, that he was nominated by primary election and was the successful candidate at the general election in that year, and that he remains the incumbent officeholder in the 6th Congressional District.

5.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations included in the first, second, and third, and fifth sentences of paragraph 5.  The Defendants admit the allegations included in the fourth sentence of paragraph 5.

6.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.      The Defendants admit that that James B. Alcorn, Clara Belle Wheeler, and Singleton McAllister are, respectively, the Chairman, Vice Chairman, and Secretary of the Virginia State Board of Elections.  The Defendants admit that the Virginia State Board of Elections is an executive branch board of the Commonwealth of Virginia, and that Title 24.2 of

the *Code of Virginia* gives the Board certain administrative, enforcement, and other duties and powers. These statutory provisions speak for themselves, and any allegations in paragraph 8 inconsistent with Title 24.2 of the *Code of Virginia* are denied.

9. The Defendants admit that the Virginia Department of Elections is an agency of the Commonwealth of Virginia, and that Title 24.2 of the *Code of Virginia* gives the Department certain duties and powers. These statutory provisions speak for themselves, and any allegations in paragraph 9 inconsistent with Title 24.2 of the *Code of Virginia* are denied.

<u>Facts</u>

10. The allegations in paragraph 10 are legal conclusions, which require no response. The First Amendment to the U.S. Constitution speaks for itself, and any allegations inconsistent with that clause (including as it has been interpreted and applied) are denied.

11. The Defendants admit that the Republican Party of Virginia (RPV) adopted a Plan of Organization (the Plan). This Plan speaks for itself, and the Defendants deny any allegations in paragraph 11 which are inconsistent with the Plan.

12. The Plan speaks for itself, and the Defendants deny any allegations in paragraph 12 which are inconsistent with the Plan.

13. The Plan, and the minutes of the June 27, 2015 meeting of the RPV State Central Committee speak for themselves, and the Defendants deny any allegations in paragraph 13 which are inconsistent with the Plan or the June 27, 2015 meeting minutes.

14. The Plan speaks for itself, and the Defendants deny any allegations in paragraph 14 which are inconsistent with the Plan.

15. The Plan speaks for itself, and the Defendants deny any allegations in paragraph 15 which are inconsistent with the Plan.

16.     The Defendants admit that different methods of nomination place different demands on participants, as alleged in the first sentence of paragraph 16.  However, as the circumstances of each electoral contest are unique, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 16.

17.     The Defendants admit that different methods of nomination may attract different participants, as alleged in the first sentence of paragraph 17.  However, as the circumstances of each electoral contest are unique, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 17.

18.     The Defendants admit that different methods of nomination have different campaign finance implications for candidates, as alleged in the first sentence of paragraph 18.  However, as the circumstances of each electoral contest are unique, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 18.

19.     Because each electoral contest is unique, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     The Plan speaks for itself, and the Defendants deny any allegations in paragraph 20 which are inconsistent with the Plan.

21.     Section 24.2-530 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations in paragraph 21 which are inconsistent with § 24.2-530.

22.     The Defendants admit the allegation contained in paragraph 22.

23.     The Defendants deny the allegation contained in paragraph 23.

24.     Paragraph 24 consists solely of the language of § 24.2-509 of the *Code of Virginia*, and does not require a response.  To the extent any response is required, § 24.2-509 speaks for itself, and the Defendants deny any allegations which are inconsistent with this statutory provision.

25.     The Defendants admit the allegations contained in paragraph 25.

26.     The Defendants admit that form ELECT-509 was created by the Defendants. This form speaks for itself, and any allegations in paragraph 26 which are inconsistent with this form are denied.

27.     The Defendants admit that form ELECT-516DL was created by the Defendants. This form speaks for itself, and any allegations in paragraph 27 which are inconsistent with this form are denied.

28.     The Defendants admit the allegations contained in paragraph 28.

29.     The Defendants admit that Paul Stenbjorn's January 30, 2017 email included the language quoted in paragraph 29.  The Defendants assert that the text of this email speaks for itself, and deny any allegations in paragraph 29 which are inconsistent with the email's text.

30.     The Defendants deny the allegations included in paragraph 30.

31.     The Defendants deny the allegations included in paragraph 31.

32.     The Defendants admit the allegations in the first and second sentences of paragraph 32, and admit that the electoral districts referenced presently have an incumbent officeholder.  The third sentence of paragraph 32 contains legal conclusions, which require no response.  Section 24.2-509 of the *Code of Virginia*, which speaks for itself, establishes the authority granted of incumbent officeholders with respect to methods of candidate selection, and

the Defendants deny any allegations in the third sentence of paragraph 32 which are inconsistent with that statutory section.

33.     The Defendants deny the allegations in paragraph 33.

34.     The allegations in paragraph 34 consist of legal conclusions, which require no response.  Section 24.2-516 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations which are inconsistent with that statutory section.

35.     The allegations in paragraph 35 consist of legal conclusions, which require no response.  Section 24.2-527 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations which are inconsistent with that statutory section.

36.     The allegations in paragraph 36 consist of legal conclusions, which require no response.  Sections 24.2-516, 24.2-527, and 24.2-1001 of the *Code of Virginia* speak for themselves, and the Defendants deny any allegations which are inconsistent with those statutory provisions.

37.     The Defendants deny the allegations in paragraph 37.

38.     The allegations in paragraph 38 are legal conclusions, which require no response. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution speaks for itself, and any allegations inconsistent with that clause (including as it has been interpreted and applied) are denied.

39.     The allegations in paragraph 39 are legal conclusions, which require no response. Section 24.2-509 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations inconsistent with that statutory section.

40.     The allegations in paragraph 40 are legal conclusions, which require no response. Section 24.2-509 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations inconsistent with that statutory section.

41.     The allegations in paragraph 41 are legal conclusions, which require no response. Section 24.2-509 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations inconsistent with that statutory section.

42.     The Defendants deny the allegations in paragraph 42.

<u>Count One</u>
<u>First Amendment of the United States Constitution</u>
<u>Freedom of Association</u>

43.     The Defendants' responses to paragraphs 1-42 are incorporated here by reference.

44.     The Defendants deny the allegations in paragraph 44.

45.     The Defendants deny the allegations in paragraph 45.

46.     The allegations in paragraph 46 are legal conclusions, which require no response. Section 24.2-509 of the *Code of Virginia* speaks for itself, and the Defendants deny any allegations inconsistent with that statutory section.

<u>Count Two</u>
<u>Fourteenth Amendment of the United States Constitution</u>
<u>Equal Protection</u>

47.     The Defendants' responses to paragraphs 1-46 are incorporated here by reference.

48.     The Defendants deny the allegations in paragraph 48.

49.     The Defendants deny the allegations in paragraph 49.

<u>Jury Trial Demanded</u>

50.     The allegation in paragraph 50 was withdrawn by Plaintiffs at the Court's June 16, 2017 hearing, and as a result no response is required.  To the extent a response is required, the Defendants deny that the Plaintiffs are entitled to a jury trial.

Relief Requested

51.     The Defendants deny that the Plaintiffs are entitled to the entry of judgment in their favor or to any relief, including the relief requested in Paragraphs (A) through (F) following the heading "Relief Requested" in the Complaint.

**AFFIRMATIVE DEFENSES**

52.     The Plaintiffs fail to state claims that merit relief and upon which relief can be granted.

53.     This Court lacks jurisdiction over the Plaintiffs' claims, because the Plaintiffs lack standing.

**WHEREFORE**, Defendants request that Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered for the Defendants on all claims.

Respectfully submitted,

JAMES B. ALCORN
CLARA BELLE WHEELER
SINGLETON B. MCALLISTER
VIRGINIA DEPARTMENT OF ELECTIONS

By:     /s/ Anna T. Birkenheier
                    Counsel

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

John W. Daniel, II
Deputy Attorney General, Commerce, Environment and Technology Division

Heather Hays Lockerman
Senior Assistant Attorney General

Anna T. Birkenheier (VSB #86035)*
Assistant Attorney General
abirkenheier@oag.state.va.us

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 692-0558
Facsimile: (804) 692-1647


*Attorney for James B. Alcorn, Clara Belle Wheeler, and Singleton B. McAllister in their official capacities, and the Virginia Department of Elections*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on June 30, 2017, I am electronically filing the foregoing

document with the Clerk of Court using the CM/ECF system, and a copy of the foregoing

document is being sent via U.S. mail to the following addresses:

Thomas E. Ullrich, Esq.
Jeffrey R. Adams, Esq.
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401

John C. Wirth, Esq.
Nelson, McPherson, Summers & Santos, L.C.
12 N. New Street
Staunton, Virginia 24401

          /s/ Anna T. Birkenheier
Anna T. Birkenheier (VSB#86035)
Assistant Attorney General
*Attorney for James B. Alcorn, Clara Belle Wheeler,*
*and Singleton B. McAllister in their official*
*capacities, and the Virginia Department of*
*Elections*
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 692-0558
Facsimile:  (804) 692-1647
abirkenheier@oag.state.va.us