CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/25/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ANNE TAETZSH FITZGERALD, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:17-cv-16 |
| v. | ) ) ) | |
| JAMES B. ALCORN, et al., | ) ) | By: Michael F. Urbanski |
| Defendants. | ) ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 9. Plaintiffs challenge the constitutionality of Virginia Code § 24.2-509(B), which is commonly known as the Virginia Incumbent Protection Act (the "Act"). The complaint includes five named plaintiffs, some of whom bring suit in multiple capacities. For purposes of this Memorandum Opinion, the court refers to three types of plaintiffs in the collective: (1) Candidate Plaintiffs;[1] (2) Committee Plaintiffs;[2] and (3) Individual Plaintiffs.[3] Defendants, the Virginia Department of Elections and three of its board members, contend that the

---

[1] "Candidate Plaintiffs" include Karen U. Kwiatkowski, as a prospective candidate for Virginia's 6th Congressional District in 2018, and Edward A. Yensho, as a prospective candidate for the 24th Virginia State Senatorial District in 2019.

[2] "Committee Plaintiffs" include 20th House of Delegates District Republican Committee, Anne Taetzsh Fitzgerald, as chairman of the 20th House of Delegates District Republican Committee, the 6th Congressional District Republican Committee, and Yensho, as Chairman of the Green County Republican Committee.

[3] "Individual Plaintiffs" include Fitzgerald, Kwiatkowski, and Yensho, each as a citizen of the Commonwealth of Virginia.

Candidate and Committee Plaintiffs lack standing to challenge the Act. Defendants' motion raises no arguments as to Individual Plaintiffs' standing.[4]

By Order dated June 30, 2017, the court denied the motion to dismiss in part to allow for a period of jurisdictional discovery as to whether Committee Plaintiffs have standing to bring their claims. The court took defendants' motion as it regarded Candidate Plaintiffs under advisement. For the reasons set forth below, the court will grant the motion to dismiss in part and dismiss the Candidate Plaintiffs for lack of standing.

I.

The Act gives certain incumbent elected officials the power to unilaterally determine the method of nomination used to select their political party's nominee for general elections, regardless of the political party's choice of nomination method. Va Code Ann. § 24.2-509(B). In other words, the Act gives qualified incumbents veto power over their party's selected nomination method. Plaintiffs are associated in various ways with the Republican Party of Virginia (the "Party") and claim that the Act violates their constitutional rights.

Count One of the complaint alleges that the Act infringes on Committee Plaintiffs' right to free association under the First Amendment. Compl. ¶¶ 44-46. Committee Plaintiffs contend that the method of nomination (e.g., primary, mass meeting, party canvass, or convention) affects who participates in the Party's nomination process. By granting

---

[4] Although defendants seek dismissal of the entire case, defendants do not present any argument as to why Fitzgerald, Kwiatkowski, and Yensho should be dismissed in their individual capacities as citizens of the Commonwealth of Virginia. Without a specific request, and in the absence of any argument on the matter, the court will not dismiss the Individual Plaintiffs' claims under the Equal Protection Clause of the Fourteenth Amendment. See Compl. ¶ 49.

2

incumbents veto power over the Party's selected nomination method, the Act allegedly prevents the Party from associating with the candidates and voters it prefers.

In Count Two of the complaint, Candidate Plaintiffs, who are non-incumbent prospective candidates for office, allege that the Act infringes on their rights under the Fourteenth Amendment's Equal Protection Clause. They allege that the Act impermissibly gives incumbents greater power than non-incumbents in selecting the Party's nomination method. Compl. ¶ 48. Also in Count Two, Individual Plaintiffs assert that the Act contravenes their Equal Protection Clause protections by "discriminating in favor of incumbent politicians, entrenching them in office, and thereby denying the individual plaintiffs a fair and open electoral and political processes [sic]." Compl. ¶ 49.

By Order on June 30, 2017, the court directed the parties to engage in jurisdictional discovery as to whether Committee Plaintiffs have standing to bring a claim under the First Amendment. The court took under advisement Candidate Plaintiffs' Equal Protection Clause claim. After careful consideration, the court has determined that Candidate Plaintiffs must be dismissed for lack of standing.

## II.

To have standing, a plaintiff must demonstrate (1) "he has suffered an actual or threatened injury," (2) "a causal connection between the injury complained of and the challenged action," and (3) "the injury can be redressed by a favorable decision." 24th Senatorial Dist. Republican Comm. v. Alcorn, 820 F.3d 624, 628 (4th Cir. 2016) (quoting Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997)).

This is not the first lawsuit brought by members and committees of the Party seeking to invalidate the Act's provision of benefits to incumbents. In 24th Senatorial Dist. Republican Comm. v. Alcorn, 820 F.3d 624 (4th Cir. 2016) ("24th Senatorial Committee"), challengers brought claims that are in some ways identical to those asserted in this case. In fact, intervenor-plaintiff Daniel Moxley asserted a claim as a prospective candidate, alleging "that the Act violates his constitutional rights under the Equal Protection Clause ... because it confers on an incumbent an electoral advantage and invidiously discriminates against him and all other potential challengers." 24th Senatorial Committee, 820 F.3d at 628. The Fourth Circuit undertook a thorough review of Moxley's claim and held that he lacked standing to bring such a suit. Id. at 633-34.

As the Fourth Circuit noted, prospective candidates have no authority "to determine the nomination method for legislative districts." Id. at 633. Therefore, prospective candidates lack "'a legally protected interest' in determining the nomination method in the first place, [and thus,] fail[] to make out 'an *invasion* of a legally protected interest,' i.e. actual injury, in this case." Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). Even assuming that prospective candidates have "a legally protected interest, [they] still fail[] to demonstrate how that injury is redressable by a decision of this Court." Id. The Fourth Circuit explained:

> Even in the absence of the Act, Moxley is bound by the [Party committee's] choice of nomination method. Accordingly, even if the Act were held unconstitutional, the Party is not precluded from "voluntarily electing" to defer to the incumbent's choice, "which it is legally entitled to do." And "there is nothing we can do to prevent the Party from deferring to the incumbent's choice."

4

Id. (quoting Marshall v. Meadows, 105 F.3d at 907). In short, the Fourth Circuit held that prospective candidates cannot challenge the Act under the Equal Protection Clause because they can show neither an injury in fact nor redressability.

In this case, Candidate Plaintiffs are in the same position as Moxley in 24th Senatorial Committee. None of the legal or factual circumstances regarding a prospective candidate's challenge to the Act have changed since the Fourth Circuit's decision in 24th Senatorial Committee. Therefore, binding Fourth Circuit precedent indicates that Candidate Plaintiffs lack standing to pursue their claims and must be dismissed.

At the June 16, 2017 hearing, counsel for plaintiffs did not try to distinguish 24th Senatorial Committee's treatment of Moxley from Candidate Plaintiffs' circumstances. Rather, counsel contended that the Fourth Circuit simply got the issue wrong in 24th Senatorial Committee and pointed to other precedent more favorable to Candidate Plaintiffs' standing arguments. See Planned Parenthood Of S.C. Inc. v. Rose, 361 F.3d 786, 790 (4th Cir. 2004) ("Discriminatory treatment is a harm that is sufficiently particular to qualify as an actual injury for standing purposes."). The court need not examine case law beyond 24th Senatorial Committee. The Fourth Circuit has squarely answered the issue presented: prospective candidates, such as Candidate Plaintiffs, lack standing to challenge Virginia Code § 24.2-509(B) under the Equal Protection Clause. 24th Senatorial Committee, 820 F.3d at 633-34. Defendants' motion to dismiss will be granted as regards Candidate Plaintiffs.

An appropriate Order will be entered.

Entered: July 24, 2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge