CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2018

JULIA C. DUDLEY, CLERK
BY: /s/ H. Breeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANNE T. FITZGERALD, et al., | ) |
| Plaintiffs, | ) Case No. 5:17-cv-16 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| JAMES B. ALCORN, et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion for Stay Pending Appeal. ECF No. 62. Both parties have filed memoranda of law in support of their respective positions. The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. For the reasons stated below, the court will **GRANT** Defendants' motion for a stay of the injunction pending appeal.

On January 19, 2018, the court declared Virginia's Incumbent Protection Act, Va. Code Ann. § 24.2-509(B), facially unconstitutional because the Act contravenes the First Amendment rights of political parties and their committees. Summ. J. Order, ECF No. 57. The court enjoined the Virginia Department of Elections and members of the Virginia Board of Elections from enforcing the Incumbent Protection Act in an order entered on the same day. Permanent Inj. Order, ECF No. 58. Defendants, Virginia election officials, now ask the court for a stay pending their appeal under Federal Rule of Civil Procedure 62(c),

contending that a stay is necessary to avoid disruption of Virginia's administration of the 2018 elections. Mot. for Stay Pending Appeal, ECF No. 62.

A party requesting a stay must demonstrate "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); see also Nken v. Holder, 556 U.S. 418, 433 (2009). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1987).

In weighing the balance of these factors, the court finds itself much in the same posture as the Eastern District of Virginia in an earlier election law case in which a stay of an injunction pending appeal was sought. In Project Vote/Voting for America, Inc. v. Long, 275 F.R.D. 473, 474 (E.D. Va. 2011), the Eastern District noted:

> The court is not persuaded to tacitly abandon its ruling and find that the defendants are likely to succeed on appeal. However, as the case is one of first impression that touches on matters of substantial national importance, there is certainly a "substantial case on the merits." [Hilton], 481 U.S. at 778. Accordingly, if the other factors militate in favor of a stay, the court may issue one. See id.; see also Miller v. Brown, 465 F. Supp. 2d 584, 596 (E.D. Va. 2006), aff'd, 503 F.3d 360 (4th Cir. 2007).

Similarly, in Miller v. Brown, the court explained, "[w]hile the Court cannot say that Defendants are likely to prevail in their appeal, the Court does recognize that this case raises an issue of first impression." 465 F. Supp. 2d at 596.

In this action, the court's decision addressed complex issues of justiciability, and invalidated a statute guiding political parties' processes for nominating candidates in the

2

Commonwealth. The statute at issue is unique in our nation, and gives incumbents in Virginia substantial power over how their political parties choose candidates for public office. The constitutionality of this statute has been the subject of much debate and prior litigation. See 24th Senatorial Dist. Republican Comm. v. Alcorn, 820 F.3d 624 (4th Cir. 2016); Miller v. Cunningham, 512 F.3d 98 (4th Cir. 2007) (Wilkinson, J., dissenting from denial of rehearing en banc). At least as to the issue of justiciability, the appeal presents "a substantial case on the merits." Hilton, 481 U.S. at 778. While the court remains unconvinced of the likelihood of Defendants' success on appeal, a stay could be appropriate if the remaining factors militate in favor of maintaining the status quo. See id.

Each party claims injury if its position on the stay is unheeded. Defendants argue that the injunction will wreak havoc because party officials must begin to make 2018 election decisions in the next few days, well before the Fourth Circuit Court of Appeals could rule on the justiciability of this dispute. As was the case in Miller v. Brown, "Defendants are correct that the injunction does create at least some confusion and uncertainty in the nomination process and may eventually require a legislative change." 465 F. Supp. 2d at 596. On the other hand, Plaintiffs argue that Defendants, state election officials, cannot be harmed by the issuance of an injunction preventing enforcement of an unconstitutional law. See Giovani Carandola, Ltd. v. Bason, 303 F.3d 507, 521 (4th Cir. 2002). Each of these arguments has merit, requiring the court to "weigh the public interest, which is the determining factor in this case." Miller v. Brown, 465 F. Supp. 2d at 596.

On balance, the court finds a stay to be appropriate here. Party chairpersons may begin to report their methods for selecting candidates for the 2018 election **in two days.**[1] As such, a stay pending appeal will mitigate the likelihood of confusion during the nomination process. A stay also will alleviate any concerns as to whether party chairpersons received notice of and understand the effect of the court's injunction. See Reynolds v. Sims, 377 U.S. 533, 585 (1964) ("In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles.").

As the Eastern District of Virginia noted in Miller v. Brown,

> [A] stay pending a decision from the Fourth Circuit will give Virginia's General Assembly time to contemplate any remedial legislation it believes to be appropriate and ensure its conformity with . . . the First Amendment . . . without the prospect of modification later by a higher court decision. A stay will also give the State Board of Elections time to implement new procedures that may be required and to communicate those procedures to the stakeholders in Virginia's political process.

465 F. Supp. 2d at 597. Given the election decisions that need to be made as early as this Wednesday for the 2018 election cycle, the court finds that the public interest in avoiding confusion in the impending nominating process weighs in favor of granting a stay pending appeal.

For these reasons, the court will **GRANT** Defendants' Motion for Stay Pending Appeal.

An appropriate Order will be entered.

---

[1] In contrast, the constitutionality of the Incumbent Protection Act has been the subject of debate in Virginia's federal courts for the past ten years.

4

Entered: 02-05-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge