IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANNE T. FITZGERALD, et al., | ) |
| Plaintiffs, | ) Case No. 5:17-cv-16 |
| v. | ) |
| JAMES B. ALCORN, et al., | ) By: Michael F. Urbanski |
| Defendants. | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff 6th Congressional District Republican Committee's (the "Committee") Motion to Vacate Stay. ECF No. 84. Both parties have filed memoranda of law in support of their respective positions, and the court heard argument on July 3, 2018. ECF Nos. 85–88, 99–100. For the reasons stated below, the court will grant the Committee's motion.

On January 19, 2018, the court permanently enjoined the Virginia Department of Elections and members of the Virginia Board of Elections from enforcing the Incumbent Protection Act, Va. Code Ann. § 24.2-509(B) (the "Act"), after finding it facially unconstitutional on First Amendment grounds. ECF No. 57–58. The court later stayed the permanent injunction on February 5, 2018 pending review by the Fourth Circuit. ECF Nos. 71–72. The court held that a stay would mitigate the likelihood of confusion during the nomination process for the 2018 election given that party chairpersons were scheduled to report methods for selecting candidates within a matter of days. ECF No. 72, at 3–4.

The Committee now requests that the stay be vacated pursuant to Federal Rule of Civil Procedure 62(c), contending it is unnecessary because the nomination period for the 2018 congressional elections has passed and there is no longer a likelihood of confusion in the electoral process. ECF No. 84, at 4–5. The Committee also argues that the appeal probably will not be resolved prior to the November 2019 elections' nomination period, which runs from February 6–26, 2019, because the Fourth Circuit ordered briefing to begin on October 22, 2018 and oral argument is expected. ECF No. 99, at 1–2; see also Fitzgerald et al. v. Alcorn et al., No. 18-1111, Briefing Order – Civil (4th Cir. September 11, 2018). In response, defendants primarily contend that lifting the stay would be inappropriate because nothing has changed factually or legally since the court issued the stay, except that the action may now be moot. ECF No. 86, at 2–4. Defendants also note that the Committee will be unaffected by this upcoming nomination period, as it only participates in federal elections and the November 2019 elections are for state offices. ECF No. 100, at 1–2.

The court finds that it has the authority to vacate the stay pursuant to Rule 62(c), and that doing so serves the public interest.

### I.

The parties disagree as to the appropriate standard to apply in evaluating this motion to vacate the stay. The Committee advocates for Rule 62(c), which states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Committee points to this court's permanent injunction order in support, which retained "jurisdiction over this matter for

2

purposes of enforcement of the injunction. . . ." ECF No. 58. By contrast, defendants argue that the Committee must show "that a significant change in facts or law warrants revision or dissolution of the injunction" because the Committee waited to move to vacate the stay, thereby foreclosing motions to alter the stay under Rule 59 or appeal the stay under Federal Rule of Appellate Procedure 4(a). See Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000)). Defendants point to cases before the Supreme Court of the United States and the U.S. Court of Appeals for the Ninth Circuit requiring a "party seeking relief from an injunction or consent decree . . . [to] show a significant change either in factual conditions or in law." Agostini v. Felton, 521 U.S. 203, 215 (1997) (quoting Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 387 (1992) ((internal quotation marks omitted)); see also Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs, 472 F.3d 1097, 1101 (9th Cir. 2006).

The court agrees with the Committee that it has the power to vacate the stay under its jurisdiction to enforce the injunction and Rule 62(c)'s grant of authority to suspend the injunction without a "significant change of facts or law." Sharp, 233 F.3d at 1170. The decisions relied upon by defendants requiring a higher standard are inapposite. Agostino sought relief from a permanent injunction, rather than addressing the appropriateness of a temporary stay of a permanent injunction. See 521 U.S. at 215 (seeking relief under Rule 60(b)(5)); see also 12 Moore's Federal Practice - Civil § 62.06 (2018) ("While Rule 62(c) gives the district court the authority to suspend, modify, restore, or grant an injunction pending appeal, it does not confer upon the court the power to dissolve an injunction."). The parties in Southeast Alaska Conservation Council and Sharp sought to vacate the district court's injunction, rather than a stay of the injunction, pending appeal in the Ninth Circuit. See Se.

3

Alaska Conservation Council, 472 F.3d at 1101 ("To justify vacating the injunction (other than on the failure to comply with Purcell's specificity requirement), Coeur Alaska must demonstrate that facts have changed sufficiently since the court issued its order."); Sharp, 233 F.3d at 1170 ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."); see also Nelson v. Collins, 700 F.2d 145, 146–47 (4th Cir. 1983) ("The injunction previously granted by the district court is a continuing decree subject to modification. It can be modified if the district court finds that changes of fact or law justify its adaptation to altered circumstances."). Here, the Committee is not seeking to modify the permanent injunction, only to implement the injunction.

The Committee's request to vacate the stay therefore is in line with the purposes of Rule 62(c), under which "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (citing Newton v. Consolidated Gas Co., 258 U.S. 165, 177 (1922)); cf. One Stop Deli, Inc. v. Franco's Inc., No. CIV. A. 93-090-H, 1994 WL 147763, at *1 (W.D. Va. Mar. 28, 1994) ("A stay of the injunction is a different matter, however, for Rule 62(c) specifically authorizes the suspension of an injunction pending appeal, and a court's refusal to take appropriate action under the Rule simply because a notice of appeal has been filed would render the Rule a practical nullity.").

4

## II.

The court finds that the stay of the injunction should be vacated.[1] In deciding whether to grant, amend, modify, or suspend an injunction pursuant to Rule 62(c), the court reviews "(1) the likelihood of prevailing on the merits on appeal; (2) the likelihood of suffering irreparable injury if the stay is denied; (3) the other parties involved will not be substantially harmed by the granting of the stay; and (4) the granting of the stay will serve the public interest." 12 Moore's Federal Practice - Civil § 62.06 (2018); see Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); see also Nken v. Holder, 556 U.S. 418, 433 (2009); Hilton v. Braunskill, 481 U.S. 770, 777 (1987).

As to the first factor, the court remains unchanged in its opinion about defendants' likelihood of prevailing on the merits on appeal. The Act is plainly unconstitutional and only survived prior legal challenges on justiciability grounds. See, e.g., 24th Senatorial Dist. Republican Comm. v. Alcorn, 820 F.3d 624 (4th Cir. 2016); Miller v. Cunningham, 512 F.3d 98, 101 (4th Cir. 2007) (Wilkinson, J., dissenting from denial of rehearing en banc) ("To me, the unconstitutionality of this [incumbent selection] provision is clear."). At the hearing on this motion, defendants made no attempt to persuade the court of the Act's constitutionality and solely argued about this action's justiciability.

The crux of the parties' dispute about the likelihood of success rests on whether the Committee's actions following the court's entry of the injunction mooted this action. Defendants filed a motion to vacate on the grounds of mootness in the appeal before the

---

[1] Even if the court were to apply the standard requiring "a significant change in facts or law," vacatur of the stay would be appropriate. At the time of the court's decision issuing the stay, the court and the parties were aware of the coming lapse of the nomination period. However, it was not known at the time of the decision that appellate briefing would be stayed until October 2018 and the Act likely would be in effect for another election cycle without appellate review. This is a significant change of facts that merits vacatur.

Fourth Circuit. See Fitzgerald et al. v. Alcorn et al., No. 18-1111, ECF No. 25. The Fourth Circuit alone should decide whether this action is moot, and it is not for this court to weigh in on arguments on appeal. When the merits of this action were before this court, the court determined that the action was justiciable and the Act was unconstitutional. The court sees no reason to waver from this determination. The most that can be said of defendants' appeal is that it presents "a substantial case on the merits." Hilton, 481 U.S. at 778. The first factor therefore favors vacatur of the stay.

The parties largely do not dispute any changes in the second and third factors regarding their respective harm. Although Virginia will have elections in 2019, the Committee will be relatively unaffected because there is no federal election. The Committee argues that the Act continues to distort its decision-making, as people are now making decisions affecting future election cycles. By contrast, defendants claim harm from vacatur of the stay because they would have to begin certain processes to comply with an injunction still on appeal. But preliminary injunctions preventing enforcement of unconstitutional restrictions do not cause harm to the enforcing party. See Giovani Carandola, Ltd. v. Bason, 303 F.3d 507, 521 (4th Cir. 2002). Given the continued balancing of harms to the parties, the court finds no reason to revisit its prior determination of the second and third factors. At the hearing, neither party made a significant argument as to any harm to them personally. Their focus, as with the motion to stay, is whether the stay serves the public interest.

The court's February 5, 2018 order granting the motion to stay was largely guided by the public interest in mitigating confusion during the nomination process. Denial of the motion would have required the Republican Party to advise party chairpersons about the

6

change to the candidate selection process within a matter of days and had the potential to influence party chairpersons' plans without much notice. This is no longer the case. The earliest a candidate can invoke the Act is October 31, 2018 and the nomination period does not begin until February 6, 2019. See Pl.'s Mem. of Law in Supp. of Mot. to Vacate Stay, ECF No. 85, at 2; Pl.'s Supp. Mem. in Supp. of Mot. to Vacate Stay, ECF No. 99, at 1. Vacatur of the stay now provides defendants months to notify their party chairpersons of the injunction. If defendants act expeditiously, there should be no confusion during the nomination process. The public no longer has an interest in a stay of the injunction on these grounds.

However, the public continues to have a significant interest in participating in elections unaltered by a plainly unconstitutional statute. This statute has a profound effect on every voter in Virginia. Voters should not be subject to the Act's unconstitutional constraints where there no longer is the countervailing interest of a quickly approaching nomination process. Given the complexity of the justiciability issues involved in this action, and the stay of appellate briefing to address mootness arguments, the appeal no doubt will take time. Elections held during the pendency of this appeal should not be distorted by the Act where the court already has ruled on its constitutionality. Future elections should not be affected by decisions made under the influence of the Act's long shadow. Cf. Miller v. Brown, 462 F.3d 312, 317–18 (4th Cir. 2006) ("Because campaign planning decisions have to be made months, or even years, in advance of the election to be effective, the plaintiffs' alleged injuries are actual and threatened."). This court will not "kick the can down the road" any further where it has found that the Act to be plainly unconstitutional. Cf. Miller, 512 F.3d at

7

99 (Wilkinson, J., dissenting) ("These questions must assuredly be litigated and it is not right to kick the can down the road when those seeking elective office deserve explicit guidance from the courts on electoral conduct."). The public interest is served by vacating the stay.

### III.

For the reasons stated above, the court will **GRANT** the Committee's Motion to Vacate Stay.

An appropriate Order will be entered.

Entered: 09/24/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge